UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DAVID BELL and SHARYN BELL,

Index No.:
Date Filed:

            Plaintiff(s),

    -against-

CHRISTIAN I FREIJ,

**COMPLAINT AND
JURY DEMAND**

            Defendant(s).
------------------------------------------------------------------X



## INTRODUCTORY STATEMENT

1. That this action falls within one or more of the exemptions set forth in CPLR §1602.

2. Defendant, CHRISTIAN I. FREIJ, operated a motor vehicle, on or about November 30, 2007, in a negligent manner, and in doing so caused the plaintiffs, DAVID BELL and SHARYN BELL to suffer injuries.

## JURISDICTION

3. The Court has jurisdiction over the plaintiff's claim pursuant to 28 USC 1332.

4. At all times herein mentioned, defendant CHRISTIAN I. FREJI was a resident of the County of Orange, State of New York.

5. At all times herein mentioned, defendant CHRISTIAN I FREIJ was and still is a resident of the County of Orange, State of New York.

6. At all times herein mentioned, plaintiff DAVID BELL was a resident of the County of Passaic, State of New Jersey.

7. At all times herein mentioned, plaintiff DAVID BELL was as still is a resident of the County of Passaic, State of New Jersey.

8. At all times herein mentioned, plaintiff SHARYN BELL was a resident of the County of Passaic, State of New Jersey.

9. At all times herein mentioned, plaintiff SHARYN BELL was and still is a resident of the County of Passaic, State of New Jersey.

## FACTUAL ALLEGATIONS

10. At all times mentioned defendant CHRISTIAN I. FREIJ was the owner of a 2002 Chevy bearing New York license plate number EEE3487 (hereinafter, "the Chevy").

11. At all times herein mentioned defendant CHRISTIAN I. FREJI, operated the Chevy bearing New York license plate number EEE3487.

12. At all times herein mentioned defendant CHRISTIAN I. FREJI, maintained the Chevy bearing New York license plate number EEE3487.

13. At all times herein mentioned defendant CHRISTIAN I. FREJI, managed the Chevy bearing New York license plate number EEE3487.

14. At all times herein mentioned defendant CHRISTIAN I. FREJI, controlled the Chevy bearing New York license plate number EEE3487.

15. At all times mentioned plaintiff DAVID BELL was the operator of a 2008 CHRYSLER bearing New York license plate number ZBX7710.

16. At all times herein mentioned plaintiff SHARYN BELL was a passenger in a 2008 Chrysler bearing New York license plate number ZBX7710 (hereinafter "the Chrysler").

17. That on or about November 30, 2007, at approximately 8:00 p.m., plaintiff DAVID BELL was lawfully operating the Chrysler.

18. That on or about November 30, 2007, at approximately 8:00 p.m., plaintiff SHARYN BELL was a passenger of said Chrysler.

19. That on or about November 30, 2007, at approximately 8:00 p.m., plaintiffs, DAVID BELL AND SHARYN BELL, were traveling southbound on Lake Road near the intersection of Washington Road, through the Town of Chester, State of New York in the Chrysler.

20. At all times hereinafter mentioned, Lake Road and Washington Road in the Town of Chester, and State of New York was and still is a public roadway/and/or thoroughfare.

21. That on or about November 30, 2007, at approximately 8:00 pm, defendant, CHRISTIAN I. FREIJ, was traveling northbound on Lake Road near the intersection of Washington Road, through the Town of Chester, State of New York in the Chevy.

22. That on or about November 30, 2007, at approximately 8:00 p.m., the Chevy operated by the defendant, crossed over the median, on Lake Road near the intersection of Washington Road, and was traveling northbound in the southbound lane of traffic.

23. That on or about November 30, 2007, at approximately 8:00 p.m., while traveling northbound in the south bound lane, the plaintiffs' vehicle was struck by the Chevy which was operated by the defendant, CHRISTIAN I. FREIJ.

## AS AND FOR A FIRST CAUSE OF ACTION

24. That the negligence of the defendants consisted of operating the aforesaid motor vehicle in a negligent, reckless, careless, grossly negligent, wanton and inherently reckless manner; in failing to keep the aforesaid motor vehicle under reasonable and proper control; in failing to operate the aforesaid motor vehicle with due regard for the safety of the public and others; in failing to keep a proper lookout, in failing to observe what was available to be observed; in failing to maintain his lane; in failing to stay on the proper side of the roadway; in failing to avoid contact with other motor vehicles, in operating the aforesaid motor vehicle in a manner contrary to and in violation of the statutes, ordinances, rules and regulations in such cases made and provided; in failing to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanisms; in operating the aforesaid motor vehicle in such a negligent, careless, reckless wanton and grossly negligent manner as to precipitate the aforesaid accident; in failing to take defensive action; and the defendants were otherwise careless, reckless and negligent in operation, control, maintenance and use of the aforesaid motor vehicle.

25. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the defendant, CHRISITIAN I. FREIJ, without any fault or negligence on the part of the plaintiffs contributing thereto.

26. The plaintiffs, DAVID BELL and SHARYN BELL, each sustained serious injuries as defined in Subdivision of §5102 of the Insurance Law-Recodification, in that they both suffered permanent loss of use of a body organ, member, function or system and suffered permanent consequential limitation of use of a body organ or member and/or a significant limitation of a body function or system.

27. The plaintiffs, DAVID BELL and SHARYN BELL, each sustained serious injuries and economic loss greater than basic economic loss greater than basic economic loss as defined in §5102 of the Insurance Law of the State of New York.

28. The plaintiffs, DAVID BELL and SHARYN BELL, each sustained a serious injury as defined in §5102 of the Insurance Law of the State of New York, in that they both have medically determined injuries or impairments of a nonpermanent nature, which prevents the both of them from performing substantially all of the material acts which constitutes their usual and customary daily activities for not less than ninety (90) days during the one hundred and eighty (180) days immediately following the occurrence of the injury or impairment.

29. As a result of the aforesaid occurrence the plaintiffs, DAVID BELL and SHARYN BELL, were both caused to and did suffer severe personal injuries to diverse parts of their bodies and limbs, causing them both to become and remain

sick, sore, lame and disabled for a long period of time and suffer personal injuries to mind and body, confining them to bed and home, compelling them to obtain medical attention for the said injuries in an effort to alleviate and/or cure some of the ills, injuries and disabilities suffered; incapacitating them from their usual customary activities thereby depriving them from benefits derived therefrom; and they were further caused to be prevented from enjoying the normal fruits of their activities, including but not limited to social, educational and economic, all resulting in substantial monetary expense and loss and, upon information and belief, the plaintiff's injuries, or some of them, either in their nature or their effects, are permanent and lasting, and the plaintiffs may continue indefinitely to suffer similar loss, expense and disability all to their damage in a sum that exceeds the jurisdictional limit.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiffs repeats, reiterates, and realleges each and every allegation heretofore set forth in the First Cause of Action, with the same force and effect as if set forth herein at length herein.

31. That at all times herein mentioned, plaintiff DAVID BELL was and still is the lawfully wedded husband of plaintiff SHARYN BELL.

32. That due to the foregoing, plaintiff DAVID BELL lost the services, society and consortium of plaintiff SHARYN BELL.

33. That by reason of the foregoing, plaintiff DAVID BELL has been damaged in a sum of money having a present value that exceeds the jurisdictional limits.

## AS AND FOR A THIRD CAUSE OF ACTION

34. Plaintiffs repeats, reiterates, and realleges each and every allegation heretofore set forth in the Second Cause of Action, with the same force and effect as if set forth herein at length herein.

35. That at all times herein mentioned, plaintiff SHARYN BELL was and still is the lawfully wedded wife of plaintiff DAVID BELL.

36. That due to the foregoing, plaintiff SHARYN BELL lost the services, society and consortium of plaintiff DAVID BELL.

37. That by reason of the foregoing, plaintiff SHARYN BELL has been damaged in a sum of money having a present value that exceeds the jurisdictional limits.

WHEREFORE, the plaintiffs demand judgment against defendant on the First, Second, and Third Causes of Action in an amount that exceeds the jurisdictional limits all together with cost and disbursements in this action. In addition, plaintiff demands punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS against defendant, CHRISTIAN I. FREIJ, due to the wanton and reckless conduct of the defendant in the operation and control of his vehicle, the aforementioned Chevy.

Dated: New York, New York
      Thursday, December 20, 2007

Yours, etc.,

_____
Robert Vilensky (6740)
RONEMUS & VILENSKY
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated: New York, New York
       Thursday, December 20, 2007

Robert Vilensky (6740)